UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA LOPEZ, | ) |
|     Plaintiff, | ) ) ) |
| | ) No. 23 C 16201 |
| v. | ) ) Judge Sara L. Ellis |
| VILLAGE DISCOUNT OUTLET INC., | ) ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Andrea Lopez worked for Defendant Village Discount Outlet Inc. ("Village") for approximately one month in June 2023. After leaving her position, she filed this employment discrimination lawsuit against Village. She claims that Village subjected her to harassment, discrimination, and retaliation based on her Hispanic national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Illinois Human Rights Act (the "IHRA"), 775 Ill. Comp. Stat. 5/1 *et seq.*; and 42 U.S.C. § 1981.[1] Village moves to dismiss Lopez's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Lopez has failed to sufficiently allege her claims, the Court grants Village's motion to dismiss.

---

[1] Lopez's amended complaint identifies Count V as one for sexual harassment in violation of the IHRA, but the Court treats this claim as one for national origin-based harassment, the only type of harassment Lopez pleads throughout her amended complaint.

## BACKGROUND[2]

Lopez worked as a clothes sorter at Village from June 5 until June 29, 2023, one of the few Hispanic employees at Village during that time. Other employees singled her out and made disparaging comments to her about belonging to "the cartel" based solely on her Hispanic background. Doc. 21 ¶ 19. Other Village employees also asked Lopez if she were "slow" and treated her as lesser than them because of her limited English-speaking skills and accent. *Id.* ¶¶ 28–29.

Lopez reported her fellow employees' comments and conduct to her supervisor, Manuel, on several occasions. But Village took no action to address her complaints, causing Lopez to suffer extreme mental anguish. Ultimately, unable to handle the verbal abuse and the lack of support from Village management, Lopez left her position at Village on June 29, 2023, less than thirty days after she began working there.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P.12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule

---

[2] The Court takes the facts in the background section from Lopez's amended complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Village's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

    Village attached an exhibit to its reply, consisting of a list of employees who worked at Village with Lopez and their responses in connection with Village's investigation into Lopez's complaint. Lopez moved to strike this exhibit. The Court can only consider extrinsic evidence in ruling on a motion to dismiss if the "documents . . . are central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Because Village's exhibit falls outside of this exception, the Court does not consider it in ruling on the motion to dismiss and grants Lopez's motion to strike.

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.  Harassment (Counts IV and V)

Village first argues that Lopez's Title VII and IHRA harassment claims fail to state a viable claim. Because the analytical framework for Title VII and IHRA are "virtually identical," this Court addresses the claims together. *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 879 n.39 (7th Cir. 2016) (citing *Zaderaka v. Ill. Hum. Rts. Comm'n*, 131 Ill. 2d 172 (1989)). To state a harassment claim, a plaintiff must allege that: "(1) she was subject to unwelcome harassment; (2) the harassment was based on her national origin . . . ; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is [a] basis for employer liability." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833–34 (7th Cir. 2015). Village contends that Lopez failed to sufficiently allege that she faced severe or pervasive harassment, as well as a link between the alleged harassment and her national origin.

The Court need only address the first argument, whether Lopez sufficiently alleged she suffered severe or pervasive harassment. "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title

3

VII is violated." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). The environment must be objectively—to a reasonable person—and subjectively hostile to fall within Title VII's purview. *Id.* at 21–22. "In determining whether a workplace is objectively hostile, we consider the totality of the circumstances, including: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Alamo v. Bliss*, 864 F.3d 541, 549–50 (7th Cir. 2017) (quoting *Harris*, 510 U.S. at 23). That said, "employers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace." *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018).

Here, Lopez alleges that her co-workers questioned whether she belonged to the "cartel" and called her "slow," as well as treated her differently because of her accent and difficulties with English, her second language. But while she may have subjectively found her co-workers' conduct so severe as to create a hostile or abusive working environment, her allegations do not allow the Court to infer that a reasonable person would find the environment a hostile one nor do they demonstrate how the harassment unreasonably interfered with her work performance. *See Tyburski v. City of Chicago*, 964 F.3d 590, 602 (7th Cir. 2020) (several age-related comments by co-workers over the course of four years did not amount to severe or pervasive harassment); *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677–78 (7th Cir. 2005) (regular comments by co-workers about the plaintiff's gender and age did not amount to severe or pervasive harassment but instead were "more reflective of run of the mill uncouth behavior than an atmosphere permeated with discriminatory ridicule and insult"); *cf. Alamo*, 864 F.3d at 550–52 (allegations

4

of verbal harassment, food theft, and repeated physical assaults sufficient to state a hostile work environment claim). Indeed, courts have dismissed more serious allegations at the pleading stage, highlighting the insufficiency of Lopez's pleading. *See, e.g.*, *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 990–91 (N.D. Ill. 2016) (dismissing hostile work environment claim despite allegations that supervisor pulled plaintiff's hair, inspected her scalp, and screamed at her on multiple occasions, and that other coworkers laughed at her, gave her dirty looks, and ostracized her); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *5–7 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim despite allegations of a racially insensitive comment, racially based disciplinary actions, and discrimination against African American employees on multiple occasions).

The Court acknowledges that "a workplace need not be 'hellish' to constitute a hostile work environment." *Alamo*, 864 F.3d at 550; *see also Gates v. Bd. of Educ.*, 916 F.3d 631, 637 (7th Cir. 2019) (noting the rejection of the "hellish" standard for hostile work environment claims in light of *Harris*). But faced only with allegations that suggest "juvenile behavior" by her co-workers, the Court cannot conclude that the alleged conduct here rises to the level of severe or pervasive conduct required to support a harassment claim. *See Tyburski*, 964 F.3d at 602 ("Mere personal animosity or juvenile behavior by coworkers is similarly insufficient." (citation omitted) (internal quotation marks omitted)); *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-cv-06500, 2014 WL 4269126, at *7 (N.D. Ill. Aug. 28, 2014) ("Plaintiff's allegations in the Amended Complaint, while no doubt describing rude and unpleasant conduct, by themselves do not seem to rise to the level of the hostile and abusive atmosphere found in the case law." (collecting cases)); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will

5

not amount to discriminatory changes in the 'terms and conditions of employment.'" (citations omitted)). Therefore, the Court dismisses Lopez's harassment claims without prejudice.

## II.    Discrimination (Counts I, II, and III)

Next, Village moves to dismiss Lopez's Title VII, IHRA, and § 1981 discrimination claims.[3] At the pleading stage, Lopez "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [her national origin]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Village argues that Lopez has not set forth an adverse employment action.

Lopez claims that she suffered a constructive discharge because of Village's inaction in response to her reports of co-worker harassment. The parties do not dispute that constructive discharge amounts to an adverse employment action, *see Barton v. Zimmer, Inc.*, 662 F.3d 448, 453–54 (7th Cir. 2011), but they disagree as to whether Lopez has sufficiently alleged that Village constructively discharged her. Constructive discharge occurs when an employee's working conditions become "so intolerable that a reasonable person would have felt compelled to resign." *Patton v. Keystone RV Co.*, 455 F.3d 812, 818 (7th Cir. 2006) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004)). A workplace does not become intolerable or unbearable merely because a "prospect of discharge lurks in the background." *Cigan v. Chippewa Falls Sch. Dist.*, 388 F.3d 331, 333 (7th Cir. 2004). Constructive discharge may take two different forms: (1) where "a plaintiff resigns due to discriminatory harassment," which requires the plaintiff to "show working conditions even more egregious than that required for a hostile work environment claim"; or (2) where a plaintiff shows "that her working conditions had become intolerable," in other words, "when *the employer's actions* communicate to the

---

[3] As with the harassment claims, the Court analyzes the Title VII, IHRA, and § 1981 discrimination claims together. *See Bagwe*, 811 F.3d at 879 n.39.

6

employee that she immediately and unavoidably will be terminated." *Ziccarelli v. Dart*, 35 F.4th 1079, 1091 (7th Cir. 2022) (citations omitted).

Lopez's allegations fail to suggest constructive discharge under either option. As the Court noted, she has not sufficiently alleged a hostile work environment, and constructive discharge requires an "even more egregious" work environment. *Scaife v. U.S. Dep't of Veterans Affs.*, 49 F.4th 1109, 1119 (7th Cir. 2022) (citation omitted). She also has not provided any basis to infer that Village's actions suggested to her that it planned to terminate her. *See Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 680 (7th Cir. 2010) (second form of constructive discharge requires firing to be "an imminent and inevitable event," in other words, "a situation where the 'handwriting was on the wall' and the plaintiff quit 'just ahead of [the] fall of the axe'" (citation omitted)). Therefore, without an adverse employment action, Lopez's discrimination claims fail, and the Court dismisses them without prejudice.

### III. Retaliation (Counts VI and VII)

To plead a Title VII or IHRA retaliation claim, "a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity."[4] *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Village argues that Lopez has failed to plead that she suffered an adverse employment action.

The fact that Lopez has not pleaded an adverse action for her discrimination claim does not automatically require dismissal of her retaliation claims, as the standard for an adverse action for a retaliation claim is lower than that for a discrimination claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). For an action to qualify as adverse for her retaliation

---

[4] Again, because "Illinois courts apply the federal Title VII framework to IHRA claims," the Court analyzes these claims together. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016).

claims, Lopez must allege that "the action would have 'dissuaded a reasonable worker from' engaging in protective activity." *Trahanas v. Nw. Univ.*, 64 F.4th 842, 856 (7th Cir. 2023) (quoting *Freelain v. Vill. of Oak Park*, 888 F.3d 895, 901–02 (7th Cir. 2018)). "This objective standard is 'based on how a reasonable employee might react' in the plaintiff's circumstances." *Id.* (quoting *Freelain*, 888 F.3d at 902).

In her amended complaint and response to Village's motion to dismiss, Lopez only points to her alleged constructive discharge as an adverse action for her retaliation claim. As the Court has discussed, however, she has not sufficiently alleged that Village constructively discharged her, and so this cannot provide the basis for her retaliation claim. Because Lopez does not identify any other potentially adverse action even under the lower standard for retaliation claims, the Court must dismiss Lopez's retaliation claims without prejudice.[5]

## CONCLUSION

For the foregoing reasons, the Court grants Village's motion to dismiss [22]. The Court dismisses Lopez's amended complaint without prejudice. The Court grants Lopez until September 6, 2024 to file a second amended complaint if she so chooses.

Dated: August 6, 2024

SARA L. ELLIS
United States District Judge

---

[5] To the extent that Lopez may attempt to rely on Village's alleged failure to investigate her complaints of discrimination and harassment as an adverse action for purposes of her retaliation claim, the Court questions whether such a failure to investigate would suffice. *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 640 (10th Cir. 2012) ("[A] failure to investigate a complaint, unless it leads to demonstrable harm, leaves an employee no worse off than before the complaint was filed."), *abrogated on other grounds by Muldrow v. City of St. Louis*, 601 U.S. ----, 144 S. Ct. 967 (2024); *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010) ("[I]n a run-of-the-mine case such as this one, an employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint."); *Rosa v. Bd. of Trs.*, No. 18-CV-8477, 2020 WL 7319574, at *11 (N.D. Ill. Dec. 11, 2020) (failure to take remedial measures or perform adequate investigation did not amount to adverse actions for retaliation claim).